GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
ALEXANDER J. SMITH, ESQ.
Nevada Bar No. 15484
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 385-1482
Facsimile: (702) 385-2604
gillock@gmk-law.com
asmith@gmk-law.com

TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
**TIMOTHY O'REILLY, CHTD.**
325 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
efile@oreillylawgroup.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
**SAM & ASH, LLP**
1108 South Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MEGAN SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation d/b/a SMITH'S; DOE MAINTENANCE EMPLOYEES I–V, inclusive; DOE EMPLOYEES I–V, inclusive; DOE JANITORIAL EMPLOYEES I–V, inclusive; DOE OWNERS I–V, inclusive; ROE OWNERS I–V, inclusive; ROE EMPLOYER; and ROE COMPANIES I–X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00490-APG-DJA<br><br>**JOINT STIPULATION TO STAY ALL REMAINING DEADLINES PENDING A JANUARY 3, 2023 MEDIATION**<br><br>**(FIRST REQUEST)** |

Plaintiff, Megan Sanchez, by and through her counsel at the law firms Gerald I. Gillock & Associates; Timothy O'Reilly, CHTD.; and Sam & Ash, LLP, and Defendant Smith's Food & Drug Centers, Inc., by and through their counsel at the law firm Cooper Levenson, P.A., hereby move to stay all remaining operative deadlines (ECF No. 13 at 5) stipulated to by the parties—and subsequently judicially approved (ECF No. 13)—pending a January 3, 2023 mediation.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

A July 25, 2022 order (Doc. 13) grants a stipulation to extend the discovery deadlines. The operative deadlines are as follows:

- Initial expert disclosures: September 26, 2022 (now closed).
- Rebuttal expert disclosures: October 28, 2022 (now closed).
- Close of discovery: November 25, 2022 (now closed).
- Dispositive motions: December 26, 2022 (fourteen days from today but falls on a public holiday).
- Joint proposed pre-trial order: January 27, 2023 (forty-six days from today).

(ECF No. 13 at 5)

After Smith's deposed Sanchez, counsel discussed the possibility of mediating and settling this action. A short while later, the parties met and conferred telephonically after several email exchanges about a joint proposal to mediate to reach a cost-effective and speedy resolution, to limit discovery expenses, and to conserve the precious resources of the court. The parties have agreed to, and therefore scheduled, a half-day mediation with Judge Bell at *JAMS*, the world's largest private alternative dispute resolution (ADR) provider that includes more than 400 retired state and federal court judges, attorneys, and other ADR professionals, each with a proven track record and extensive practice area and industry expertise. *JAMS*, which, handles an average of 18,000 cases, both in the United States and abroad, has an office located in Las Vegas.

Judge Bell, a jurist with decades of experience, is highly respected by both parties and, indeed, by the local legal community at large. Counsel in this action have utilized Judge Bell

frequently in the past and have the utmost confidence in his ability to help facilitate a settlement; thus, both parties are more than hopeful that the mediation will succeed and that the action shall settle.

## II. LAW AND ARGUMENT

### A. The District Court should stay the remaining deadlines contained within the July 25, 2022 order (ECF No. 13) by utilizing its inherent powers to control its own docket.

A District Court has the inherent power to control its dockets. *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). This includes the power to stay a proceeding. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. If determining whether a stay is warranted, the court must balance the hardships to the parties. Dependable *Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

As mentioned in the introduction, Judge Bell has a very high success rate, and there is a strong possibility of this action settling. The parties have already conducted their discovery, which recently closed. Most of the scheduled deadlines have expired, with the next being the dispositive motions deadline—just two weeks before the mediation date. The parties agree that it is pointless to expend resources on drafting dispositive motions and having the court utilize its precious judicial resources adjudicating them when a mediation with a highly respected and successful mediator is due shortly after the dispositive motions deadline.

Also, staying the remaining deadlines will allow the parties to divert their attention to, and focus on, preparing for the upcoming mediation. A stay will contribute towards the court's goal of ensuring a "just, speedy, and inexpensive determination of every action[,]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602–03 (D. Nev. 2011) (stated in the context of staying discovery; however, the same principle applies in this instance), that will hopefully result in the avoidance of both the parties and the court incurring additional expense and expending further time (namely on dispositive motion practice, pre-trial evidential motions, and trial itself). If the action settles at

mediation, any pending motion shall become moot, and the parties shall notify the court accordingly. Shortly after, as soon as the settlement documents are finalized, the parties shall then stipulate to dismiss with prejudice.

For the reasons stated above, the parties show good cause as to why the court should utilize its inherent powers to stay the remaining deadlines until after the date of the mediation.[*] If the mediation is unsuccessful, the parties shall notify the court the day after the mediation and shall stipulate—subject to judicial approval—to a new dispositive motions deadline, likely to fall on the thirtieth day after the date on which the notice of an unsuccessful mediation is docketed.

## III.   CONCLUSION

The parties demonstrate good cause for judicial approval of this stipulation to briefly stay the remaining deadlines in this action. They believe that this action has a good chance of settling at mediation, into which all sides enter in good faith; additionally, precious judicial resources shall be conserved should the parties settle, thus the twin goals of judicial efficiency and economy are promoted, and the resources of both parties shall be conserved by the parties not having to engage in dispositive motion practice and the court not having to adjudicate between the two sides, in addition to negating the need for further motion practice and a possible jury trial. Also, if the parties settle, any further expensive and time-consuming motion practice and possible trial shall be eliminated.

This is the parties' first request for a stay of all remaining deadlines, which is made in good faith and not for the purpose of delay. In addition, neither party shall be prejudiced by a stay. Based on the above, the parties respectfully request the entry of an order that judicially approves this

---

[*] Because the parties stipulate to, and seek judicial approval for, a stay under the court's inherent power to control its own docket and not under Local Rule IA 6-1 and Local Rule 26-3, an analysis under these rules is not necessary. (Local Rule 26-3 lists four factors that are considered. These apply only when a party moves for an extension to extend a discovery deadline or to reopen discovery; here, the parties neither stipulate or move to extend a discovery deadline nor stipulate or move to reopen discovery, but instead simply ask the court to approve a short stay until after the mediation.)

stipulation.

**THE PARTIES SO STIPULATE.**

| Dated: December 12, 2022 | Dated: December 12, 2022 |
|---|---|
| **GERALD I. GILLOCK & ASSOCIATES** | **COOPER LEVENSON, P.A.** |
| By:*/s/ Alexander J. Smith*<br>     GERALD I. GILLOCK, ESQ.<br>     Nevada Bar No. 51<br>     ALEXANDER J. SMITH, ESQ.<br>     Nevada Bar No. 15484<br>     428 South Fourth Street<br>     Las Vegas, Nevada 89101<br><br>*Attorneys for Plaintiff* | By:*/s/ Andre T. Marques*<br>     JERRY S. BUSBY, ESQ.<br>     Nevada Bar No. 1107<br>     ANDRE T. MARQUES, ESQ.<br>     Nevada Bar No. 14737<br>     3016 West Charleston Boulevard, #195<br>     Las Vegas, Nevada 89102<br><br>*Attorneys for Defendant<br>Smith's Food & Drug<br>Centers, INC.* |

**ORDER**

**IT IS SO ORDERED.**

**The parties shall file a status report by January 17, 2023.**

Dated this 13th day of December, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE